DLD-037                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2958
_____

IN RE:  RICHARD ARJUN KAUL, M.D.,
                                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 16-cv-02364)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 7, 2019
Before: RESTREPO, PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 3, 2020)
_____

OPINION[*]
_____

PER CURIAM

　　Petitioner, Richard Arjun Kaul, is a party to numerous actions filed in the United

States District Court for the District of New Jersey, including the one underlying the

instant petition for writ of mandamus docketed at D.N.J. Civ. No. 16-cv-02364.

Presently before us is Kaul's request that this Court grant his mandamus petition and

direct the district court judges of the United States District Court for the District of New

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jersey to immediately disclose their financial holdings and conflicts of interest, "in order that the case be thoroughly examined for the offense of public corruption." See Mandamus Pet. at 6, 9. We will deny the petition.

Judicial officers and certain judicial employees are required to file financial disclosure reports by Title I of the Ethics in Government Act of 1978, Pub. L. No. 95-521, amended by the Ethics Reform Act of 1989, Pub. L. No. 101-194, 103 Stat. 1716, 5 U.S.C. app. §§ 101-111 (the Act). The Act enumerates the types of information required and prescribes the general format and procedures for the reports. The Judicial Conference of the United States is responsible for compliance with, and implementation of, the Act by the federal judiciary. See 5 U.S.C. app. § 111. In September 1990 and September 2017, the Conference delegated this authority to its Committee on Financial Disclosure (hereafter "Committee"), as authorized by the Act. In 2017, the Committee approved a revised set of financial disclosure regulations, and has prescribed Form AO 10 for filing financial disclosure reports.

In his petition, Kaul alleges that certain district court judges have either failed to file financial disclosure reports or have submitted reports with inaccurate information, thus precluding him from ascertaining their financial holdings and conflicts of interest. He requests that we grant his mandamus petition and direct all New Jersey district court judges to disclose their financial disclosure reports. However, mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief

2

requested, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Kaul has made no such showing.

Reports on file with the Committee are public documents and are available for inspection. In accordance with § 105 of the Ethics in Government Act of 1978, as amended, a Form AO 10A (Request for Examination of Report Filed by Judicial Officer or Judicial Employee) must be completed before a financial disclosure report can be released. Each judge or employee whose report is being requested must be listed by name on the form. Kaul asserts that he filed a Form AO 10A request, but that he has received no response from the Committee. See Pet. at 10. It appears that Kaul did, indeed, file a Form AO 10A request in May 2019 seeking the financial disclosure report for two particular district court judges. See D.E. # 383 at 13. However, the fact that the Committee has not responded to Kaul's request as quickly as he would have liked does not entitle him to an order directing New Jersey district court judges to release their financial disclosure reports directly to him. Understandably, Kaul may have questions or concerns regarding his request as several months have passed since he submitted his Form AO 10A. However, the Instruction page accompanying Form AO 10A advises filers that they may contact the Financial Disclosure Office (by phone, if so desired) with questions concerning the report request process. There is no reason to believe that this type of assistance would not include a check on status inquiries as well. In any event, Kaul has not demonstrated a "clear and indisputable" right to issuance of the writ by simply alleging a delay on the part of the Committee.

3

With respect to Kaul's general allegations that certain judges have either failed to file a Form AO 10 or have submitted inaccurate information, we would simply note that, under § 104 of the Act, it is the Attorney General of the United States who is authorized to bring civil actions against individual federal judges who willfully or negligently violate the financial reporting provisions of the Act.

Accordingly, we will deny Kaul's mandamus petition. [1]

---

[1] In his petition, Kaul lists seven separate civil actions "for reference purposes." See Pet. at 2. At times, however, it appears he seeks to sweep all of his cases within the ambit of a single mandamus petition that indirectly raises a host of issues. We find such a maneuver to be inappropriate and, thus, limit our review to the relief specifically sought by the instant petition. See Pet. at 6.